IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02933-PAB-MEH

VIESTI ASSOCIATES, INC.,

    Plaintiff,

v.

HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY and
R.R. DONNELLEY & SONS COMPANY,

    Defendants.

---

**STIPULATION AND PROTECTIVE ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note,

or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below as containing:

(a) "Trade Secrets" which means information, including a formula, pattern, compilation, program, device, method, technique, or process, that (1) derives independent economic value, actual or potential, from not being generally know to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, or

(b) "Research" and "Development" which means non-public documents containing information, including scientifically accumulated data, regarding Defendants' strategy to improve or increase market share or that disclose a Defendant's strategies and methods of selling or marketing its products or services, or

(c) "Commercial Information" which means non-public information Defendants have taken reasonable steps to keep secret that would create an unfair advantage to competitors by providing them with previously unknown information as to the Defendants' business operations, or whose disclosure the designating party reasonably believes would lead to competitive, commercial, or economic harm.

3. "Confidential Information-Attorneys Eyes Only" shall mean any type or classification of information that meets the criteria of Confidential Information and also contains highly sensitive business information and tangible things that have not been made publicly available and that counsel of record believes in good faith would put the party producing such information at a material competitive disadvantage if such information were disclosed to the officers, directors or employees of the party to which such information is produced. Any party may designate information

"Attorneys' Eyes Only," whether such information be revealed during a deposition, contained in a document, or contained in any pleading, including, without limitation, interrogatory answers, responses to requests for admissions, briefs, or other paper prepared in connection with this litigation. Such information shall only be disclosed to the producing party, the parties' attorneys, expert witnesses, and court personnel. In all other respects, such information will be treated the same as information designated as Confidential Information in accordance with this Order.

4. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

(a) By imprinting the word "Confidential" on the first page or cover of any document produced;

(b) By imprinting the word "Confidential" next to or above any response to a discovery request; and

(c) With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

5. With respect to documents in the custody or control of a person not a party to this lawsuit ("Third Party"):

(a) Any document provided by a Third Party that is designated by that Third Party as "Confidential Information" in the manner provided in paragraph 4 and pursuant to this Protective Order; or

(b) Any document made available for discovery by a Third Party in response to a subpoena for the production of documents or things designated by that Third Party as "Confidential Information" in the manner provided in paragraph 4 and pursuant to this Protective Order;

shall be governed by this Protective Order.

(c) If any Confidential Information is produced, provided, or otherwise disclosed pursuant to this paragraph, this Protective Order in its entirety, including use of the term "Party," shall be read inclusively to refer to the disclosing Third Party.

6. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

(a) It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

(b) It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless a Declaration in the form of Exhibit A has been signed;

(c) Disclosure of Confidential Information may be made to a Party's insurer solely for purposes of this case. "Insurer" is defined herein as an entity that has issued any policy(s) to a Party that may provide coverage for a claim in suit.

7. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original Declarations signed by qualified recipients of Confidential Information, and shall maintain a list of all persons

to whom any Confidential Information is disclosed.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

12. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, counsel for the party designating the information as "Confidential" shall file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Any such motion shall be filed within fourteen (14) days of receipt by counsel of written notice of opposing counsel's objection, and the disputed information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. If the designating party fails to file such

a motion within the prescribed time, the disputed information shall lose its "Confidential Information" designation and shall not thereafter be treated as "Confidential Information" in accordance with this Protective Order.

13. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. The parties shall cooperate in seeking to resolve disputed issues of confidentiality prior to the filing of a motion to seal material designated as Confidential, for example, by redaction of documents to be filed on the public record or by stipulation of facts. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing with the Court "under seal" or otherwise kept out of the public record in this action, except by court order issued upon motion of the party that designated the documents Confidential Information. Any such motion requesting documents be filed under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the relevant standards.

14. To the extent the parties agree to the use in this case confidential materials or information produced in another case in accordance with a protective order, confidentiality order, or confidentiality agreement, those materials will retain their protected status and will be governed by the terms of this Protective Order in connection with their use in this case. Nothing in this case will affect the continued operation of a protective order in force in another case.

15. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the

terms of this Protective Order.

16. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it

17. Upon termination of this action, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all designated materials, including copies, to the person(s) and entity from whom the material was obtained within thirty (30) days, or destroy such materials. If a party elects to destroy Confidential Information, then that party shall provide the producing party with an affidavit confirming and specifically identifying what Confidential Information has been destroyed. The attorney of record may retain one (1) copy of any pleadings, briefs, or other documents filed with the Court that contain Confidential Information. Any Confidential Information contained in such retained documents will continue to be treated in accordance with this Protective Order by the attorney of record that elects to retain those documents.

18. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 20th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**STIPULATED AND AGREED BY:**

| | |
|---|---|
| Viesti Associates, Inc.<br>Plaintiff | /s/ Christopher Seidman<br>Counsel for Plaintiff |
| | /s/ Craig F. Wallace<br>Counsel for Plaintiff |
| | /s/ Maurice J. Harmon<br>Counsel for Plaintiff |
| Houghton Mifflin Harcourt Publishing Co.<br>Defendant | /s/ David Pehlke<br>Counsel for Defendants |
| R.R. Donnelley & Sons Company<br>Defendant | /s/ Tucker K. Trautman<br>Counsel for Defendants |
| | /s/ Evan M. Rothstein<br>Counsel for Defendants |

# EXHIBIT A

## DECLARATION

By my signature, I hereby acknowledge that I have read the Protective Order entered in *Viesti Associates, Inc. v. Houghton Mifflin Harcourt Publishing Company, et al.*, No. 09-cv-02933-PAB-MEH (D. Colo.), that I understand the Protective Order, and that I hereby agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of the United States District Court for the District of Colorado to enforce the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

**Date:**_____  _____
**(Signature)**